UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **PETER BROWN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:14-CV-1916-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

_____

### MEMORANDUM OPINION

### I.     INTRODUCTION

Plaintiff Peter Brown ("Brown") brings this action under 42 U.S.C.§ 405(g), Section 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Supplemental Security Income ("SSI").[1]  Brown timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).[2]  The court has carefully considered the record

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits ("DIB") or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

and, for the reasons which follow, finds that the decision of the Commissioner is due to be **AFFIRMED**.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff was forty-nine years old on the date of his hearing in front of an Administrative Law Judge ("ALJ"). (Tr. 28). He completed the ninth grade and obtained his G.E.D. (Tr. 39-40). For purposes of Social Security insurance benefits, Brown had no past relevant work.[3] (Tr. 53). He alleged disability due to vascular necrosis in his hips, with a left hip replacement. (Tr. 196, 205). He alleged that he became disabled on November 1, 2009. (Tr. 192).

Brown protectively filed his application for SSI on September 20, 2010. (Tr. 68). The Social Security Administration denied this application on April 19, 2011. (Tr. 69). Brown timely requested and appeared at a hearing before an ALJ. (Tr. 24, 73). The hearing was held on March 21, 2013, and the ALJ issued a decision, dated June 4, 2013, denying his application. (Tr. 17, 24). The Appeals Council ("AC") denied Brown's request for review on August 8, 2014. (Tr. 1-3). Brown filed a complaint with this court on October 9, 2014, seeking review of the Commissioner's determination. (Doc. 1). The Commissioner answered on January 20, 2015. (Doc. 10). Brown filed a brief in support of his complaint (Doc. 12), on March 4, 2015, and the Commissioner responded with a brief in support of her decision (Doc. 13) on April 6, 2015. Brown thereafter filed a reply on April 16, 2015. (Doc. 15).

---

[3] According to Brown, he worked for the same company for 18 years as a W-9 contractor. He thought the company paid taxes on him, but now guesses it did not. (Tr. 43).

**III.   STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002), citing *Lamb v. Bowen,* 847 F.2d 698 (11th Cir. 1988). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision*. Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**IV.   STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4)(i-v). The Commissioner must determine in sequence:

> (1) whether the claimant is currently employed;
> (2) whether the claimant has a severe impairment;
> (3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
> (4) whether the claimant can perform his or her past work; and
> (5) whether the claimant is capable of performing any work in the national economy.

*See Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011), citing 20 C.F.R. §§ 404.1520 (a)(4)(i)-(v); 416.920(a)(4(i)-(v). The sequential analysis is applied as follows:

> Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do. *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985). The [Commissioner] bears the burden of establishing that Appellant, who could not perform her past work, could perform alternative work in the national economy.

*Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show

that such work exists in the national economy in significant numbers. 20 C.F.R § 416.966(a).

## V. ALJ FINDINGS

After consideration of the entire record, the ALJ made the following relevant findings:

1. The claimant has not engaged in substantial gainful activity since September 20, 2010, the application date.

2. The claimant has the following severe impairment: disorders of the hip.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant must be able to alternate sitting and standing at will. The claimant is able to bend, balance, stoop, kneel, crouch, and crawl occasionally. The claimant is unable to climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme cold, heat, wetness, and humidity ... vibrations, fumes, odors, dust, and gases. The claimant must avoid all exposure to unprotected heights, dangerous machinery, and uneven surfaces. The claimant would have one unplanned absence monthly. The claimant is able to perform unskilled work in a low stress environment with occasional interaction with supervisors, coworkers, and the general public. The claimant is unable to work in close proximity to others, work within five to 10 feet of co-workers. The claimant is easily distracted, [a]ffecting his concentration.

5. The claimant has no past relevant work.

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

7. The claimant has not been under a disability, as defined in the Social Security Act, since September 20, 2010, the date the application was filed.

(Tr. 11-17).

## VI. ANALYSIS

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted). Brown urges the court to reverse the Commissioner's decision denying him benefits on multiple grounds. (Doc. 12). First, he argues that the ALJ's findings on his residual functional capacity ("RFC") were not based on substantial evidence, that the RFC is conclusory, and that the RFC was inadequately developed. Next, Brown asserts that the ALJ failed to apply the three-part pain standard. His third argument is that the ALJ failed to consider all of his severe impairments. Brown further argues that the ALJ drew adverse inferences from the lack of medical evidence. His final two arguments are that the decision that he lacked credibility is not supported by substantial evidence, and that the ALJ failed to develop the record and failed to obtain more detailed medical findings. Having reviewed the evidence and the parties'

---

[4] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

briefs, this court finds that the ALJ applied the correct legal standards and that his decision was supported by substantial evidence.

> A. The ALJ Committed No Errors In His Finding that Brown Retains the RFC to Perform Light Work with Limitations.

Brown argues that the ALJ did not follow the correct legal standards in his findings in crafting a RFC. (Doc. 12 at 13-21). Specifically, he faults the ALJ for failing to obtain a "formal RFC by a physician" and failing to consider that Brown suffers from right hip problems and Hepatits C. (*Id*. at 13). Relying on Social Security Ruling ("SSR") 96-8p, Brown complains that the RFC assessment by the ALJ is merely "conclusory" and lacking "any rationale or reference to the supporting evidence." (*Id*. at 19). Although Brown argues that the ALJ's failure to follow SSR 96-8 stems from his finding that Brown has "minor physical limitations" (*Id*. at 20), this argument misstates the ALJ's findings.

The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairment(s). *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997); 20 C.F.R. § 416.945(a). The responsibility for determining a claimant's RFC lies solely with the ALJ, and not a physician. *See e.g.*, 20 C.F.R. § 416.946(c); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period. *See* 20 C.F.R. § 416.912(c)).

Here, the ALJ specifically found that Brown suffered from the severe impairment of disorders of the hip, accounting for Brown's left side total hip replacement and right side

advanced degenerative changes or avascular necrosis at the right hip and femoral head. (Tr. 11-12). The ALJ classified Brown's diagnoses of hepatitis C and right rib fractures as non-severe impairments due to a lack of evidence that either would have more than a minimal impact on his ability to engage in basic work activities. (*Id.* at 12). The RFC, as determined by the ALJ, is sufficiently supported by the record. The medical evidence demonstrates that, after his hip replacement, Brown did not complain about left hip pain. He complained of right hip pain after falling off a boat dock in August 2011 (Tr. 275); falling off the deck of a barge onto some rocks in July 2012 (Tr. 286);[5] and being robbed and beaten in October 2012 (Tr. 298). When Brown was seen for right rib fractures in January 2013, after attempting to roll a log up steps, he was noted to ambulate normally with "slight soreness" over his right hip. (Tr. 312). Upon discharge, he was again noted to "[a]mbulate[] without difficulty with cane..." (Tr. 316). Plaintiff was referred for a physical consultation examination by the Commissioner in July 2012 but failed to show up for this appointment. (Tr. 281).

Given the foregoing, the court finds no error in the ALJ's determination that Brown retained the residual functional capacity to perform a limited range of light work, which included the need to alternate sitting and standing at will. Plaintiff's argument otherwise, that "the Commissioner's fifth-step burden cannot be met by a lack of evidence ... but instead must be supported by the residual functional capacity assessment of a treating or examining

---

[5] In this medical record from North Oaks Medical Center in Louisiana, under "occupation," appears the notation "Works on a barge, just moved from Florida." (Tr. 286).

physician" (Doc. 12 at 21), is simply not a correct statement of law.[6]

### B. The ALJ Did Not Fail to Utilize the Three Part Pain Standard

Brown argues that the ALJ did not use the proper pain standard. (Doc. 12 at 21). However, the ALJ specifically found that, in considering a claimant's symptoms,

> ... I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s) – i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques – that could reasonably be expected to produce the claimant's pain or other symptoms.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, I must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. For this purpose, whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must make a finding on the credibility of the statements based on a consideration of the entire case record.

(Tr. 14).

The Eleventh Circuit pain standard is often stated as follows:

> In order to establish disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the

---

[6]Plaintiff submitted a reply brief in which he asserts for the first time that "[a] number of courts require that a Functional Capacity Evaluation be performed by a qualified physician." (Doc. 15 at 2). However, plaintiff then recognizes that the majority of courts have adopted no such requirement. (Doc. 15 at 2-6). The court has reviewed these arguments and the cases cited and, for the reasons stated supra, finds that controlling Eleventh Circuit law is to the contrary. *See* discussion *supra*, p. 7.

claimed pain.

*Wilson v. Barnhart*, 284 F.3d at 1225.  If a claimant testifies as to his subjective complaints of disabling pain, "the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote*, 67 F.3d at 1561-62). "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court."  *Id.*, (quoting *Foote*, 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983))).

Any difference between the ALJ's statement (in this case) of the pain standard and that set forth by the Eleventh Circuit is no more than a matter of semantics.  After considering the evidence, the ALJ found Brown's medically determinable impairment could be expected to cause the symptoms alleged, but found Brown's statements as to the limiting effects of those symptoms not entirely credible based on both the sparsity of medical treatment and the medical records which bear notations such as "ambulated without difficulty with a cane."  (Tr. 15).  The court finds no error in either the ALJ's statement of or application of the pain standard.

      C.  <u>The ALJ Did Not Fail To Consider All of Brown's Severe Impairments</u>

Plaintiff argues that Brown suffers from a combination of impairments – Hepatitis C, osteoarthritis of his left hip, and avascular necrosis of the right hip – and that the ALJ "failed to state that he considered the combination of impairments in determining whether claimant is disabled." (Doc. 12 at 23, 25).  The ALJ is required to "make specific and

well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). However, the Eleventh Circuit has repeatedly held that an ALJ's finding regarding a claimant's "impairment or combination of impairments" establishes that the ALJ had considered the impact of the claimant's combined impairments. *See, e.g., Wilson*, 284 F.3d at 1224-1225 (citing *Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)).

Here, the ALJ discussed the combined effects of Brown's left hip replacement and right hip degenerative changes or avascular necrosis. (Tr. 12). The ALJ set forth specific reasons that he found Brown's diagnoses of Hepatitis C and rib fractures not to be severe impairments. (Tr. 12-13). Brown failed to identify any impairment that the ALJ did not address or any limitations from such an impairment which would impact Brown's ability to perform work activity within the confines set forth by the ALJ. The court therefore finds no error in the ALJ's consideration of Brown's impairments in combination.

D.  The ALJ Did Not Draw Adverse Inferences from the Lack of Medical Evidence

The ALJ found that, despite Brown's allegations of debilitating hip pain, no evidence of consistent treatment appeared in the record. (Tr. 15). Brown thus alleges that the ALJ drew adverse inferences from Brown's inability to afford treatment. (Doc. 12 at 25). This argument is contradicted by the record before this court, which reflects that the ALJ considered the sparse medical records in detail and found that plaintiff's activities, as drawn from the record as a whole, were not consistent with someone suffering from debilitating

pain, nor consistent with the limited activities plaintiff alleged at his hearing. (Tr. 14-16). The ALJ used as an example the medical records from January 2013 when the plaintiff was seen for broken ribs. (*Id*. at 15). As noted by the ALJ, those records reflect Brown was in no acute distress, complained of slight soreness over his right hip, had a normal range of motion, could ambulate normally, and reported that he was independent in his activities of daily living. (*Id*.). Those records stand in stark contrast to Brown's testimony at his hearing two months later, where he claimed to be unable to cook, walk, exercise, sleep more than four hours at a time, or put on his own socks, and had constant pain ranging from an eight to a nine on a 10 point scale. (Tr. 31-38). In other words, the ALJ found that the content of the medical records, rather than the lack thereof, undermined Brown's hearing testimony. The court finds no error in this regard.

    E.  <u>The ALJ Did Not Err in Finding Brown's Testimony Less Than Fully Credible</u>

Related to his previous argument concerning the pain standard, Brown claims the ALJ erred in not fully crediting his testimony about pain. (Doc. 12 at 27). In applying the pain standard, the ALJ must articulate explicit and adequate reasons for choosing to discredit subjective testimony. *Wilson*, 284 F.3d at 1225. The ALJ met this burden here. As set forth in section D, *supra*, the ALJ noted inconsistencies between plaintiff's claims of debilitating pain and an inability to engage in almost any activity of daily living, and his report two months earlier of being independent in his activities of daily living. (Tr. 14-16). Further, the ALJ noted the inconsistency in Brown's hearing testimony concerning his use of marijuana, specifically that he had tried it once when he was 19 (Tr. 44), with his report to

a doctor in 2010 that he had smoked it for the past 20 years.[7]  (Tr. 15, 338).

The ALJ clearly articulated reasons for finding Brown's testimony concerning his complaints of pain less than fully credible, setting forth specific examples of instances where plaintiff's treatment records conflicted with his hearing testimony.  The ALJ committed no error in not accepting Brown's testimony regarding his pain as fully credible.

      F.      <u>The ALJ Did Not Err by Failing To Develop the Record or Obtain More Detailed Medical Findings</u>

Brown alleges that, if the medical evidence was not sufficient for the ALJ or the Commissioner to determine the extent of Brown's disability, "the treating physician should have been contacted or another consultative evaluation should have been obtained. (Doc. 12 at 33).  The court finds this argument nonsensical as plaintiff here has no treating physician and failed to show up for the sole consultative examination scheduled for him.  He argues only that he presented evidence of severe hip conditions causing pain. (Doc. 12 at 33).  The ALJ in fact concluded that Brown suffers from severe hip conditions causing pain. (Tr. 11).  Nowhere does Brown allege what contacting a doctor who previously treated him or sending him for a consultative examination would have shown.

Given that the Commissioner arranged for Brown to have a consultative examination, for which Brown failed to appear, plaintiff fails to cite any support for the proposition that the Commissioner should have afforded Brown a second opportunity for the same.  Rather, once a plaintiffs fails to cooperate in obtaining evidence, the Commissioner may make a

---

[7] According to this medical record, plaintiff was working as a "state hand." (Tr. 338).

13

decision based on the evidence in the record. 20 C.F.R. §§ 416.916; *see also* 416.918 (a) ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination ... which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind ...."). Additionally, the duty to develop the record applies to the 12 month period preceding the month in which the application was filed. 20 C.F.R. § 416.912(d). Plaintiff filed his application September 20, 2010. He points to no medical records from the twelve month period prior to this date that the ALJ failed to obtain, and in fact the ALJ held the record open so that counsel could obtain medical records from this very time period. (Tr. 57-58). Thus, plaintiff's argument that the ALJ failed to develop the medical record lacks merit. *See e.g., Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (discussing requirement of cooperation in obtaining evidence).

## VII.   CONCLUSION

Based upon the court's evaluation of the record and the parties' submissions, the court finds that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in arriving at it. Accordingly, the court will affirm the decision by separate order.

**DONE** and **ORDERED** this the 19th day of May, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge